**STRAND ELECTRIC SERVICE CO., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 754–85L.

United States Claims Court.

Oct. 9, 1987.

Edwin F. Guyon, Salt Lake City, Utah, for plaintiff.

Bernard M. Sisson, Washington, D.C., with whom was Asst. Atty. Gen. Roger J. Marzulla, for defendant.

## OPINION

SMITH, Chief Judge.

Plaintiff has come before this court requesting a motion for summary judgment. The motion itself is one paragraph long and simply states that based "on the pleadings, evidence and affidavits on file that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law." Plaintiff's Motion for Summary Judgment at 1. The motion also came attached to approximately 500 pages of evidence and affidavits.

Defendant replied under RUSCC 7(b)(1) in order to require plaintiff to resubmit the summary judgment motion so as to include the particular grounds and relief sought. Plaintiff however has responded that no such resubmission is necessary. According to plaintiff, the legal grounds for the motion are contained in its complaint which included allegations of misrepresentation and breach of contract. As for the relief sought, plaintiff states that its relief is represented by the difference in the company's asset values between 1972 and 1981 and that these amounts were stated in one of plaintiff's proposed findings of fact and in an affidavit by Mr. Caine.

■ This court disagrees with plaintiff's position that its alleged legal grounds are sufficient to meet the particularity requirement under RUSCC 7(b)(1). The asserted legal theories of misrepresentation and breach of contract are too general in nature. *See Chicago and North Western Ry. Co. v. Britten,* 301 F.2d 400, 402 (8th Cir.1962); *United States v. 64.88 Acres of Land,* 25 F.R.D. 88, 89 (W.D.Pa.1960). The generality of these legal theories is espe-

cially striking where both theories are unsupported by any specific statutory or case law whatsoever; they are in effect barren assertions. *See generally* J. Moore, J. Lucas, and G. Grotheer, Jr., Moore's Federal Practice ¶ 7.05, at 7–16 (2d ed. 1948). The theories of misrepresentation and breach should also have been reiterated in the summary judgment motion. The fact that such grounds were alleged in the complaint cannot be considered adequate for a summary judgment motion.

This court notes that the general nature of plaintiff's motion for summary judgment is no minor defect. An important part of working as an attorney is to come before a court with clearly defined and well supported arguments on a client's behalf. The result of plaintiff's general legal allegations is in effect a request that this court do his legal research and make his arguments for him. This court does not have the time nor the inclination to take on the casework of plaintiff's counsel. In addition, such an initiative on the part of this court would be to deny defendant any effective opportunity to respond because the internal research of this court is not for public disclosure. Thus, a finding that plaintiff's motion is sufficient in this case would be to leave the parties at the whim of this court's own independent findings; a procedure contrary to this court's adversarial system, as well as this Nation's. *See generally* Report of the Joint Conference of the American Bar Association and the Association of American Law Schools on Professional Responsibility, 44 A.B.A.J. 1159, 1160 (1958).

■ This court also finds that plaintiff failed to sufficiently set forth its requested relief. The amounts are not described in Mr. Caine's affidavit as plaintiff claims but are only contained in plaintiff's proposed findings of uncontroverted fact. Second, this supposed claim for relief is not clear on its face. The difference between plaintiff's asset values between 1972 and 1981 could hardly be described to be representative of damages where plaintiff fails to attribute the difference to defendant's actions and where plaintiff fails to describe

its other activities during that period. Lastly, this supposedly representative claim for relief, amounting to $455,255.65 and $896,065.50, is not the same as the amount which was contained in the complaint, an amount which was said to be not less than $1,500,000.

This court does not require that plaintiff's summary judgment motion meet some impossible standard, 5 C. Wright and A. Miller, Federal Practice and Procedure § 1192, at 37 (1969), but more is obviously required in this case. This summary judgment motion is accordingly denied, *see Bartholemew v. Port*, 309 F.Supp. 1340, 1343 (E.D.Wis.1970), and defendant's motion for resubmission is declared moot. Plaintiff's claim will not be prejudiced and plaintiff may file another summary judgment motion if it so desires. However, this court expects such a summary judgment motion to be well researched and to clearly state its legal grounds; it should not just be a conglomeration of xeroxed affidavits and documents as were presented in this instance. It is expected by the court that any such motion will reflect that plaintiff's counsel has adequately met his professional responsibilities to both his client and to this court.