**KRYGOSKI CONSTRUCTION COMPANY, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 795–86C.

United States Claims Court.

March 29, 1988.

Alan C. Brown, Washington, D.C., for plaintiff; Clarence T. Kipps, of counsel.

John S. Groat, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

On March 28, 1988 Alan C. Brown, Esquire, attorney of record for plaintiff, filed a motion to withdraw himself and Clarence T. Kipps, of counsel, from further representation of plaintiff pursuant to RUSCC 81(d)(5). Several months ago, at conference, counsel indicated that Randall J. Philipps, Esquire would become counsel of record for plaintiff and Mr. Brown would withdraw. The court allowed a thirty-day extension in the proceedings to permit Mr. Philipps to become familiar with the case and directed him within those thirty days to be admitted to the bar of the court and for counsel to jointly move for substitution of Mr. Philipps vice Mr. Brown. In December 1987, Mr. Philipps filed his application with the Clerk of the court but it was incomplete and was returned unacted upon. To date Mr. Philipps has not refiled his application for admission.

On March 15, 1988, Mr. Brown, by letter, told plaintiff and Mr. Philipps of his intent to file this motion at this time. According to the motion Mr. Brown has received no reply or acknowledgement to his letter of March 15, 1988.

Rule 81(d)(5) of this court states: *"Withdrawal of attorney.* No attorney of record for a plaintiff ... may withdraw his appearance except by leave of the court on motion and after notice is served on his client."

■ The court is of a mind to grant the motion. Plaintiff and its counsel have known and agreed that Mr. Philipps would replace Mr. Brown as attorney of record for nearly six months, Mr. Philipps has taken no action to properly file his application for admission to the bar of this court and both plaintiff and Mr. Philipps were notified thirteen days before this motion

was filed that it would be filed; more than enough time for Mr. Philipps to take proper action to assume the mantle of attorney of record. Accordingly, Mr. Brown's motion to withdraw as attorney of record, and Mr. Kipps, of counsel, is granted.

By taking this action the court has created another issue; *i.e.,* RUSCC 81(d)(7) states in pertinent part that a "corporation may only be represented by counsel." Inasmuch as plaintiff is incorporated but is not represented by counsel it may not proceed in this court. The court, therefore, is constrained to dismiss the complaint. The dismissal is without prejudice. Should plaintiff provide such counsel, it may, upon notice, request that the court reinstate the complaint *nunc pro tunc* to the date of this Order according to USCCR 60(b). Costs to defendant.

IT IS SO ORDERED.