The **FIRST STATE BANK OF MATADOR, TEXAS, Plaintiff,**

v.

The **UNITED STATES, Defendant.**

No. 627–86C.

United States Claims Court.

March 29, 1988.

Bruce L. Harlan, Lubbock, Tex., for plaintiff.

Elizabeth S. Woodruff, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

OPINION

REGINALD W. GIBSON, Judge:

This memorandum opinion addresses Defendant's Motion To Dismiss For Failure To Prosecute, which was filed on December 14, 1987. Previously, on or about November 4, 1986, plaintiff filed a complaint in this court to which defendant filed its answer on February 4, 1987. Said complaint averred, *inter alia,* that the government breached its warranty stemming from a subordination agreement[1] that it signed inducing plaintiff to make a loan to one Paul Dale Haggins in the amount of $60,384.20 on February 17, 1983.[2] For the reasons

---

1. The operative substantive issue posed by the parties was—whether, by executing the subordination agreement, defendant impliedly or expressly warranted that the debtor was in possession of the collateral described in the financing statements referenced in the subordination agreement.

2. Subject case was initially filed on June 6, 1986, in the United States District Court for the Northern District of Texas to recover damages against the United States Department of Agriculture, Farmers Home Administration, premised on "(1) negligence or (2) [breach of an] implied or express contract" (Brief In Support Of De-

expressed hereinafter, this court grants defendant's motion to dismiss, with prejudice.

*Background Facts*

Following the filing of the answer on February 4, 1987, the parties filed a joint status report on March 26, 1987. And, in furtherance thereof, by a pretrial order dated March 27, 1987, the court ruled that:

(i) all discovery shall be completed by September 15, 1987;

(ii) any dispositive (RUSCC 12(b), 12(c), or 56) motion shall be filed by September 30, 1987;

(iii) pretrial submissions were to be completed by November 5, 1987; and

(iv) the pretrial conference would be held on November 12, 1987.

Against this background, and with a view towards furthering discovery, defendant had previously served interrogatories[3] and a request for the production of documents[4] on plaintiff on March 13, 1987. Outside of the 30-day response time (*i.e.,* plaintiff was required to respond to defendant's discovery request(s) within 30 days from service), on June 8, 1987, plaintiff filed a Motion To Permit Out Of Time Filing and Motion For Enlargement of Time, "for answering interrogatories," extended for a period of 30 days to and including July 8, 1987.[5] In said motion plaintiff admitted that "answers were due April 15, 1987." When filed on or about June 8, 1987, therefore, said motion was approximately 55 days tardy. Nevertheless, the court allowed plaintiff's motion granting it an additional 30 days in which to answer defendant's interrogatories.

Because plaintiff failed to answer defendant's interrogatories even after receiving the foregoing *extended* 30-day period, there was filed, on September 30, 1987, Defendant's Motion For Enlargement of 30 days, from whatever time at which plaintiff filed its response to defendant's interrogatories, within which to file a dispositive motion. Additionally, said motion requested that all other pretrial dates be similarly enlarged.[6] By the court's order dated October 20, 1987, defendant's motion was granted and pretrial dates were reset as follows:

(i) plaintiff shall provide answers to defendant's interrogatories by November 6, 1987;

(ii) any dispositive motion shall be filed by December 7, 1987;

(iii) all pretrial submissions shall be filed by January 11, 1988; and

(iv) the pretrial conference shall be held on January 18, 1988.

Shortly thereafter, on November 24, 1987, plaintiff's then counsel of record mailed to the court a motion to withdraw as counsel. This motion was returned to counsel unfiled, due to his failure to provide a proof of service. Approximately one month later, *i.e.,* December 22, 1987, there was filed in this court by plaintiff's then counsel, Mr. Barnhill, signed by plaintiff's president, a Motion To Withdraw as counsel. By an Order dated January 6, 1988, the court, *sua sponte,*—stayed Defendant's Motion To Dismiss (filed December 14, 1987) and plaintiff's counsel's Motion To Withdraw for a period of 20 days to permit plaintiff

---

fendant's Motion To Dismiss, filed August 11, 1986). By an order dated September 30, 1986, the Chief Judge threat dismissed the negligence count, without prejudice, and transferred the "contract claims exceeding $10,000.00" to this court.

3. RUSCC 33(a) provides, *inter alia,* that—"The party upon whom the interrogatories have been served shall serve a copy of the answers and objections, if any, within 30 days after the service of the interrogatories...."

4. Pursuant to RUSCC 34(b),—"The party upon whom the request is served shall serve a written response within 30 days after the service of the request...."

5. The grounds for said enlargement were that discovery concerned matters involving his (then counsel's) father, the then president of plaintiff, who was terminally ill with lung cancer, and died on April 8, 1987.

6. Defendant explained the justification for this enlargement on the grounds that it intended to file a summary judgment motion; it had been impeded from doing so because plaintiff continuously failed and refused to timely respond to its interrogatories; moreover, without the answers to the interrogatories, defendant was also precluded from fully and timely complying with the pretrial schedule.

time to obtain new counsel. The reason for the exercise of this discretion and granting the stay was to preclude plaintiff from being in violation of RUSCC 81(d)(7) if counsel's motion to withdraw was granted. Thus, plaintiff was given until January 26, 1988, to obtain new counsel authorized to practice in this court.

On January 15, 1988, a person identifying himself as Mr. Bruce Harlan called the court's chambers, spoke with the court's secretary, and advised that he will become new counsel in subject case. However, notwithstanding the court's order of January 6, 1988, requiring new counsel to make a formal appearance on or before January 26, 1988, it was not until February 4, 1988, that the Motion For Substitution Of Counsel was filed, *i.e.,* nine days delinquent.

Given the foregoing, the next day, February 5, 1988, the court entered an order vacating the prior stay and directed defendant to supplement its motion to dismiss by February 16, 1988, with a memorandum of points and authorities. Plaintiff was required to respond thereafter, in opposition, within the time period provided under RUSCC 83.2(a). Defendant timely responded with a filing on said date; however, as of the date of *this opinion*, not only has plaintiff failed to submit answers to defendant's interrogatories, it has also, contrary to this court's order, failed to respond in opposition to Defendant's Motion To Dismiss For Failure To Prosecute filed on December 14, 1987.

*Discussion*

We view the dispositive question to be decided, at the outset, to be—whether, on these facts, sound discretion warrants the allowance of Defendant's Motion To Dismiss For Failure To Prosecute, or—whether the grant of said motion would constitute an abuse of discretion. This court is not aware of plaintiff's position regarding the legal sufficiency of defendant's averments in its motion to dismiss. This is so simply because plaintiff has failed to respond to defendant's motion, notwithstanding the fact that the court's order of February 5, 1988, specifically provided that "[p]laintiff's response ... shall be filed in accordance with the Rules of this Court." Conversely, defendant strenuously argues that the motion is well pled, and should be granted, because "plaintiff [has] taken [no] action to respond to the Government's discovery requests or to otherwise prosecute its claim...." In short, says defendant, the only affirmative action plaintiff has taken in this case is the filing of the complaint on November 4, 1986, and "one motion for an enlargement" filed on June 8, 1987.

The threshold basis for defendant's motion is RUSCC 41(b), which tracts Rule 41(b) of the Federal Rules of Civil Procedure in all material particulars and provides, in pertinent parts, as follows:

> For *failure* of the plaintiff *to prosecute or to comply with ... any order of court,* the court may dismiss on its own motion or defendant may move for dismissal of an action or any claim....

(emphasis added). Case law interpreting RUSCC 41(b) teaches that rulings thereon are to be determined on a case-by-case fact-and-circumstance basis bottomed primarily on the sound discretion of the trial judge. *Taub v. Hale,* 355 F.2d 201, 202 (2d Cir.), *cert. denied,* 384 U.S. 1007, 86 S.Ct. 1924, 16 L.Ed.2d 1020 (1966). *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The ultimate consideration in exercising the requisite sound discretion is the court's duty to protect and further the integrity of an orderly and speedy pursuit of justice. *Id.* While we acknowledge that such a dismissal is an exceedingly drastic action and is not to be granted with reckless abandon, we recognize, nevertheless, the wisdom of the admonition made by the United States Supreme Court found in *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), wherein it underscored the prospective benefits of such an act to other would-be litigants. There it stated that:

> [T]he most severe in the spectrum of sanctions provided by statute or rule must be available ... in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such

a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Id.* at 643, 96 S.Ct. at 2781. As this court stated in *White Mountain Apache Tribe v. United States*, 5 Cl.Ct. 288, 295 (1984), involuntary dismissal, for failure to comply with the court's order, shields the court from the intolerable circumstance that would obtain if "parties [were] free to pick and choose which of the court's orders they will obey."

In a similar case on involuntary dismissals, the United States Supreme Court in *Link v. Wabash Railroad Co.*, affirmed an involuntary dismissal ordered by the District Court and affirmed by the Circuit Court. There the District Court dismissed for failure to prosecute, which order was issued two hours after plaintiff's counsel failed to appear at a previously scheduled pretrial conference. This dismissal rested on the finding that "counsel had failed 'to indicate ... a reasonable reason' for this nonappearance" coupled with the protracted history of the case. 370 U.S. at 628–29, 82 S.Ct. at 1387–88, citing *Link v. Wabash*, 291 F.2d 542 (7th Cir.1961).

In affirming the lower courts, the Supreme Court essentially held that the trial court's finding did not rise to the level of an abuse of discretion. In so holding, two observations are apparent—first, "it was ... within the bounds of permissible discretion for the [trial] court to conclude that the telephone excuse offered by petitioner's counsel was inadequate to explain his failure to attend"; and second, "it could reasonably be inferred from his absence [as well as from the protracted proceedings] that petitioner has been deliberately proceeding in [a] dilatory fashion." *Id.* 370 U.S. at 633, 82 S.Ct. at 1390. Applying a permissible totality-of-the-circumstances approach, the Court found a sufficient basis for the dismissal. *Id.* at 634, 82 S.Ct. at 1391.

Consistent with the totality-of-the-circumstances approach utilized in *Link v. Wabash*, in determining whether the dismissal here constitutes in fact and in law the exercise of sound discretion, we deem it

sufficient, in view of the persuasiveness of the operative facts, to simply and briefly restate the events. In short, plaintiff's transgressions boil down to—failure to comply with two court rules, *i.e.*, RUSCC 33(a) to provide answers to interrogatories and RUSCC 34(b) to produce appropriate documents; and two court orders, *i.e.*, the order of January 6, 1988, directing it to obtain an attorney authorized to practice in this court, on or before January 26, 1988, and the order of February 5, 1988, directing plaintiff to respond to defendant's motion to dismiss within the time provided under the court's rules. With respect to the failure to comply with the court's rules, plaintiff's omissions have obtained continuously since April 15, 1987, to the present time, a period exceeding 11 months. Plaintiff was required to comply with the court's order of January 6, 1988, on or before January 26, 1988. However, it did not obtain new counsel until nine days thereafter, on February 4, 1988. Finally, plaintiff was ordered, on February 5, 1988, to respond to defendant's motion to dismiss within the period stipulated by the court's rules; nevertheless, as of this opinion, it has completely failed to respond or to explain the reason(s) for such failures.

It is clear beyond cavil that the totality of the circumstances, on the facts here, are more than sufficient for this court to exercise its discretion and dismiss this case with prejudice. This is so because in *Kadin Corp. v. United States*, 782 F.2d 175 (Fed.Cir.), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986), the Court of Appeals for the Federal Circuit (CAFC) affirmed Judge Yannello's *sua sponte* dismissal for failure to prosecute after plaintiff responded to the court's show cause order only *one* day after the due date. In confirming, the CAFC stated:

> Although dismissal is a harsh sanction, we cannot say that the Claims Court abused its discretion in dismissing the complaint here.
>
> As noted, the appellant repeatedly and without valid justification ignored both court-imposed deadlines and court rules. ... The appellant's entire course of conduct reflected a callous disregard for the

rules and regulations of the court and fell far short of the obligations an attorney owes to a court before which he is conducting litigation.

782 F.2d at 176.

Consistent with the foregoing, this court also stated in *Reading Anthracite Co. v. United States*, 9 Cl.Ct. 63, 70 (1985):

At this juncture, we are constrained to stress the fact that the failure to comply with court orders offends much more than the individual dignity of the court. As described by Judge Nettesheim in *White Mountain Apache Tribe*, 5 Cl.Ct. 288, significant prejudice to others accompanies such noncompliance [thus]:

The judges of this court have the ultimate responsibility for managing their assigned cases. This responsibility is owed to all parties litigant before the court, including those in the case at bar and those in other cases. When a court devotes too much time and resources to one case or permits parties to defy its orders, other litigants which must vie for the court's time are prejudiced by the resulting unfairness and delay. Its paramount responsibility to all parties in all cases cannot be exercised if the court allows defiance of its orders. In sum, our system of justice will not function if parties are free to pick and choose which of the court's orders they will obey.

*Id.* at 295.

While one may argue that the drastic action of a dismissal with prejudice here visits the sanction disproportionately on the wrong party, *i.e.*, the plaintiff, which raises the court's act to the level of an abuse of discretion, this hospitable assertion has been put to rest by the following observation in *Link v. Wabash*, 370 U.S. at 633–34, 82 S.Ct. at 1390, wherein the Supreme Court stated:

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Smith v. Ayer*, 101 U.S. [11 Otto] 320, 326 [25 L.Ed. 955].

(footnote omitted).

*Conclusion*

Here plaintiff's counsel has repeatedly and continuously, for a protracted period of time, ignored the court's pretrial rules as well as the court's unambiguous orders. No plausible explanation has been proffered for this inexcusable conduct. Thus, we totally agree with the court in *Kadin Corp. v. United States*, 782 F.2d at 177, quoting *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C.Cir. 1981), wherein it stated:

If [Claims Court] judges are to discharge their heavy responsibilities effectively, their power to dismiss, in situations such as the one before us, must be more than theoretical.

Since plaintiff was at all times represented by counsel authorized to practice in this court and has been given every reasonable opportunity to comply with the court's rules and orders, failing such, we find that adequate grounds exist to grant defendant's motion, given the totality of the circumstances. Therefore, defendant's motion to dismiss for failure to prosecute is hereby granted. The Clerk shall enter judgment dismissing the complaint with prejudice. Costs shall be assessed against the plaintiff.

IT IS SO ORDERED.