**STRAND ELECTRIC SERVICE COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 754–85L.**

United States Claims Court.

May 27, 1988.

Edwin F. Guyon, Salt Lake City, Utah, for plaintiff.

Bernard M. Sisson, Washington, D.C., with whom was Asst. Atty. Gen. Roger J. Marzulla, for defendant.

## ORDER

SMITH, Chief Judge.

This order addresses defendant's motion under RUSCC 41(b) to dismiss plaintiff's complaint for plaintiff's failure to prosecute its claim. No response either consenting or objecting to this motion has been filed by plaintiff. While this court is generally reluctant to dismiss a case without a review on the merits, this court is compelled to grant defendant's motion and dismiss plaintiff's complaint in light of the foregoing circumstances.

### Background

Plaintiff's complaint was filed on December 23, 1985. The complaint requested compensation for the government's allegedly wrongful breach and termination of its contract with plaintiff. The compensation sought amounted to 1.5 million dollars plus interest thereon.

Throughout the following year and a half, the progress of this litigation was slow because of delays by defendant in filing its answer and because of delays by both parties in filing their joint preliminary status report. Then, on August 31, 1987, plaintiff filed a motion for summary judg-

ment under RUSCC 56. This motion was one paragraph long and simply stated that the court should grant plaintiff's motion "on the pleadings, evidence, and affidavits" attached. The attached pleadings, evidence, and affidavits totaled approximately 500 pages in length.

The court refused to consider this motion on the merits because the motion did not state its grounds with particularity as required under RUSCC 41(b). Nevertheless, the court refused to prejudice plaintiff's claim as a result of the motion's denial and provided plaintiff with an opportunity to file another summary judgment motion if plaintiff was so inclined. *Strand Elec. Service Co. v. U.S.*, 13 Cl.Ct. 397 (1987).

After the court issued its decision rejecting plaintiff's motion for summary judgment, the court scheduled a status conference for December 16, 1987. At that status conference, an agreed upon timetable for maintaining the progress of this litigation was established. The court then issued its order on December 22, 1987, which included several due dates agreed to by both counsel. Among other items, the order allowed both parties to pursue discovery until February 15, 1988.

In accordance with the court's order allowing discovery, defendant mailed its interrogatories to plaintiff on December 28, 1987. These interrogatories were received by plaintiff three days later. Yet, plaintiff did not respond to these interrogatories during the discovery period and no response has been transmitted to date.

Instead of responding to defendant's interrogatories, plaintiff's counsel, Mr. Edwin F. Guyon, unexpectedly filed a motion to withdraw himself from this case in accordance with RUSCC 81(d). This motion only contained Mr. Guyon's withdrawal; there was no affidavit of appointment by any newly-designated attorney attached. *See* RUSCC 81(d). Accordingly, this court postponed the granting of plaintiff's motion of withdrawal because it was waiting for a newly-designated attorney to file its motion of appearance on behalf of plaintiff's claim.

In early February, the court was informally notified that Mr. James N. Barber would be taking over the case. Soon after, the court also scheduled a telephone status conference call for February 19, 1988. The purpose of the status conference was to reestablish the orderly progress of this litigation since the previously arranged timetable had been disrupted by Mr. Guyon's unexpected withdrawal. The conference was also scheduled for the purpose of informing plaintiff's newly-designated attorney of his duty to file a notice of appearance as the attorney of record in this case as required under RUSCC 81(d). However, when the court placed the previously agreed upon conference call to Mr. Barber in order to begin the conference, the court was informed that Mr. Barber was not in his office and had gone out of town.

Plaintiff's failure to appear before the court or otherwise comply with a court order is a serious matter. The court accordingly issued a show cause order on March 4, 1988. In that show cause order, plaintiff's alleged attorney, James N. Barber, was directed to show cause why he should not be required to personally appear before the court during all future court proceedings related to this case. That order also directed Mr. Barber to show cause why he should not be subject to reasonable expenses incurred by opposing counsel and by the court due to his absence at the status conference. *See generally* RUSCC 16(f). In the last part of that order, plaintiff was expected to file a notice of appearance under RUSCC 81(d)(2). The date set for plaintiff's response to the show cause order and for the filing of its notice of appearance was to be no later than March 21, 1988.

This court has not heard from Mr. Barber formally or informally since that time. Moreover, according to defendant's motion, defendant has been unable to reach Mr. Barber in his office and all of defendant's messages have been left unreturned. As a result of this overall lack of responsiveness, defendant then filed a motion for dismissal under RUSCC 41(b) for plaintiff's failure to prosecute its claim. This motion was filed on April 12, 1988. No response

to defendant's motion has been filed by plaintiff as of this date.

### Discussion

■ Under this court's rules as well as under the court's inherent authority as a court, this court is empowered to dismiss plaintiff's claim for failure to prosecute its case or for failure to comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33, 82 S.Ct. 1386, 1388–90, 8 L.Ed.2d 734 (1962); RUSCC 41(b). The court's authority for granting or denying this motion for dismissal is not confined to any series of set rules. Rather, the court's decision on this motion rests within its sound discretion and is based upon the totality of the circumstances presented. *The First State Bank of Matador, Tex. v. United States*, 14 Cl.Ct. 537, 539 (1988); *Reading Anthracite Co. v. United States*, 9 Cl.Ct. 63, 66 (1985); *see Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed.Cir.), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986).

While plaintiff's seeming loss of interest in its claim has only emerged as a recent problem, having begun just five months ago, plaintiff's failure to properly respond or pursue its case within this period has been absolute. Plaintiff has failed to respond to defendant's interrogatories during the court ordered period of discovery, and plaintiff has not responded to any of defendant's phone calls or messages since the beginning of April of 1988. Plaintiff has been equally unresponsive to the court by being absent from the court's prearranged status conference and by failing to respond to the court's show cause order. Plaintiff has not even filed a response against defendant's motion to dismiss under RUSCC 41(b) for failure to prosecute its claim.

The most immediate problem with plaintiff's prosecution of its case, however, is its failure to retain counsel. *See Krygoski Constr. Co. v. United States*, 14 Cl.Ct. 536, 538 (1988); RUSCC 81(d)(7) ("A corporation may only be represented by counsel.") Plaintiff's first attorney, Mr. Guyon, has filed a motion of withdrawal as counsel of record, and although this motion has not

previously been granted by the court, Mr. Guyon has withdrawn himself from this case for all practical purposes. Plaintiff's purported new counsel, Mr. Barber, on the other hand, has not effectively maintained plaintiff's claim before the court. In fact, despite some informal verbal statements over the phone that he would be replacing Mr. Guyon, Mr. Barber has provided plaintiff with absolutely no representation whatsoever. Mr. Barber has not even filed a notice of appearance as required under RUSCC 81(d). This is especially striking where the court has specifically requested the filing of this notice two months ago.

While Mr. Barber's disregard of general court procedure and specific court orders would normally not go without monetary sanction, no monetary sanction will be imposed against him in this case since the evidence concerning Mr. Barber's role in this case is so ephemeral. *See* RUSCC 16(f). Further, Mr. Guyon was still the attorney of record in this case, and as such, was ultimately responsible for this case's prosecution under RUSCC 81(a), (d). Thus, the court vacates the show cause order of March 4, 1988. Under the present circumstances, the only course remaining is to dismiss this case pursuant to RUSCC 41(b).

■ This court cannot allow its orders to be ignored. It also cannot allow both the court's and defendant's resources to be diverted to a case which is obviously of little interest to plaintiff. Thus, where this court sees no effort on the part of plaintiff's counsel to maintain its case, especially where there is a motion of dismissal under RUSCC 41(b) pending, this court must order that case dismissed. *See generally* RUSCC 77.1(a). ("Case management is the responsibility of the judge to whom the case is assigned.... Each judge shall manage assigned cases so as to provide for the prompt dispatch of business.") This court will therefore vacate the portion of its order, filed on March 4, 1988, concerning the payment of reasonable expenses to defendant and the court under RUSCC 16(f). As for plaintiff's motion to withdraw its counsel of record, filed on January 19, 1988, this motion must now be

considered moot. In addition, the clerk is hereby directed:

(1) to enter judgment dismissing plaintiff's complaint and defendant's counter-claim without prejudice;

(2) to award costs to defendant.

Mr. James N. Barber is directed to show cause why he should not be removed as a member of our bar. Failure to respond to this order within 30 days will result in Mr. Barber's disbarment from the United States Claims Court. The Clerk is directed to send this opinion to Mr. Barber.

IT IS SO ORDERED.