Tom W. BRADFIELD, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–317 C.

United States Court of Federal Claims.

April 5, 1996.

## ORDER

SMITH, Chief Judge.

This case is before the court on plaintiff's self-styled "motion to determine jurisdiction" and alternative motion to transfer, and defendant's cross-motion to dismiss. For the reasons discussed below, the court denies both plaintiff's motion to determine jurisdiction and defendant's motion to dismiss as moot, and grants plaintiff's motion to transfer the case to the U.S. District Court for the Western District of Texas.

## BACKGROUND

Plaintiff filed the instant complaint on April 27, 1995, alleging defendant's breach of an express or implied contract between plaintiff and the Resolution Trust Corporation. On September 28, 1995 plaintiff filed a motion to determine jurisdiction and alternative motion to transfer the case pursuant to 28 U.S.C. § 1631. In its motion, plaintiff's counsel told the court that he is "still uncertain concerning the jurisdiction of the court," and requested that the court issue an order determining whether the court has jurisdiction in the case. In the event the court finds that this court does not have jurisdiction, plaintiff requested that the court transfer the case to the U.S. District Court for the Western District of Texas.

Defendant filed a cross-motion to dismiss and response to plaintiff's motion. Defendant alleges several grounds for dismissing the complaint. In its response, defendant took no position on plaintiff's motion to transfer. Plaintiff then informed the court by letter that he would not file a response to the motion to dismiss or a reply to the government's response to his motions.

## ANALYSIS

Plaintiff has not challenged the government's motion to dismiss, which is premised on the contention that plaintiff has not shown that he had a contract with the United States which would confer jurisdiction upon this court. While the government has made a compelling argument that this court lacks jurisdiction, the court need not reach this argument in resolving this question, because plaintiff has not met his burden of showing that this court has jurisdiction to entertain this suit. Plaintiff bears the burden of establishing that the United States has waived sovereign immunity. *See, e.g., Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir. 1991). Not only has plaintiff failed to meet this burden, he has not even attempted to do so: plaintiff explicitly conceded in his motion to determine jurisdiction that he did not know, nor was prepared to argue, whether this court had jurisdiction.

In the court's opinion, plaintiff's counsel had two options. Instead of filing the motion to determine jurisdiction, he could either have conceded that the court does not have jurisdiction, and filed a clean motion to transfer (which, apparently, the government sees no reason to oppose), or he could have challenged defendant's motion to dismiss and argued that this court has jurisdiction to hear the claim. Instead, plaintiff asks the court to make the arguments why jurisdiction might exist. If plaintiff is not prepared to argue that jurisdiction exists however, the court, under our adversary system, should not make the argument. *Strand Elec. Serv. Co. v. United States,* 13 Cl.Ct. 397, 398 (1987).

Moreover, it is defendant's, rather than plaintiff's, brief which provides the court with guidance on whether to grant plaintiff's own alternative motion to transfer. Defendant takes no position in its brief on the motion to transfer, but states that it is "currently unaware of any impediment to the district court's jurisdiction." Given the government's position, and the arguments made in its motion to dismiss, the court is persuaded that transfer is appropriate.

## CONCLUSION

Defendant's motion to dismiss is denied as moot. Plaintiff's motion to determine jurisdiction is denied. Plaintiff's alternative motion to transfer is granted. Accordingly, the clerk of the court is directed to transfer the record of the case to the United States District Court for the Western District of Texas, Austin Division.

**IT IS SO ORDERED.**