**KADIN CORPORATION, Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 85–2217.**

United States Court of Appeals, Federal Circuit.

Jan. 23, 1986.

Fred L. Kapatrick, Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland, Or., argued for appellant. With him on the brief was Joseph A. Yazbeck, Jr.

Ronald H. Clark, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for appellee. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Sandra P. Spooner, Stephen J. McHale and R. Anthony McCann. James Zotter, Dept. of Transp., Portland, Or., of counsel.

Before FRIEDMAN, BENNETT, and BISSELL, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from a judgment of the United States Claims Court which, on the court's own motion, dismissed the appellant's complaint for failure to prosecute. We affirm.

I

In January 1983, the appellant filed a complaint in the Claims Court seeking additional compensation from the United States for work it had performed under a construction contract with the Small Business Administration. Following the filing of the government's answer and over the next two years, there ensued a series of delays by the appellant in complying with court orders that contained specific dates for compliance and with the rules of the Claims Court. In several instances, the court permitted the filing of the appellant's untimely documents. The appellant's frequent and repeated defaults are detailed in the order of the Claims Court dismissing the suit for failure to prosecute, and need not be repeated here.

On August 23, 1984, the Claims Court granted the appellant's motion for leave to file an amended complaint. The court stated that the amended complaint was to be filed by September 1, and that by the same date the appellant was to comply with the court's outstanding order of April 2, 1984, requiring the appellant to respond to the government's discovery requests.

The appellant did not meet the requirement in the August 23 order that it comply by September 1. On September 21, 1984 (on which date the appellant still had not complied), the Claims Court issued an order to the appellant to show cause why its complaint should not be dismissed for failure to prosecute. As the Claims Court explained in its order dismissing the complaint, under the rules of the Claims Court the response to the order to show cause was due on Monday, October 8, 1984.

On October 15, 1984, the Claims Court received a letter from the appellant's counsel dated October 9, 1984, containing a one-page response. The proposed response was not accompanied by a request for leave to file out of time.

On March 1, 1985, the Claims Court refused to accept the untimely response and *sua sponte* dismissed the claim for failure to prosecute. It stated that the response

is not only untimely, but it fails to adequately respond to the show cause order.

The court will not grant leave to file, out of time, this untimely response. In view of the gravity of the show cause order, every effort should have been made to comply in a timely fashion. Counsel did not even attempt to forward the response to the court until October 9, one day after the due date. Moreover, the untimeliness of this document is not an isolated occurrence, as the deficiencies outlined in the show cause order indicates.

After detailing the appellant's repeated defaults, the court concluded:

By reason of plaintiff's failure to file a timely response to the Order to Show Cause, and further for its failure, in its untimely proffered response, to offer any

justification for its failure to prosecute this matter as discussed above, the complaint is to be dismissed for failure to prosecute. RUSCC 41(b). Further, and accordingly, plaintiff's motion for leave to file an amended complaint, which motion was filed on November 30, 1984, is denied.

On April 1, 1985, the appellant attempted to file a motion to set aside the March 1 dismissal order. The Claims Court refused to permit the filing of the motion because it was not filed within ten days of the March 1 order, as rule 83.2(f) of the rules of the Claims Court required. The court further stated that "the allegations contained in the proffered document again continue to be deficient, as were the representations set forth in counsel's response to the court's order to show cause," so that "if said motion had been filed, it would have been denied."

## II

Rule 41(b) of the rules of the Claims Court, pursuant to which the court dismissed the appeal, states:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, the court may dismiss on its own motion. . . .

In reviewing the Claims Court's dismissal of a complaint pursuant to Rule 41(b), our inquiry is whether the court abused its discretion. *Cf. Stock Pot Restaurant, Inc. v. Stockpot, Inc.*, 737 F.2d 1576, 1581 (Fed.Cir.1984); *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C.Cir.1981) (similar provision in Rule 41(b), Fed.R.Civ.P.). Although dismissal is a harsh sanction, we cannot say that the Claims Court abused its discretion in dismissing the complaint here.

As noted, the appellant repeatedly and without valid justification ignored both court-imposed deadlines and court rules. Indeed, the appellant did not even timely respond to the order to show cause why the complaint should not be dismissed or request leave to file its untimely response.

Similarly, its motion to set aside the order of dismissal was substantially untimely. The appellant's entire course of conduct reflected a callous disregard for the rules and regulations of the court and fell far short of the obligations an attorney owes to a court before which he is conducting litigation.

The appellant argues that under the standards of other circuits governing the dismissal of complaints for failure to prosecute, its conduct here did not warrant that sanction. It points to various factors that according to it would have led other courts to impose a lesser sanction. We disagree. Those factors do not overcome the flagrant character of the appellant's defaults that the record reveals, and they provide no basis for overturning the Claims Court dismissal of the complaint as an abuse of discretion.

The language of the court in *Automated Datatron, supra,* with the substitution of "Claims Court" for "district court" shown below, is particularly apt for the present case:

> If [Claims Court] judges are to discharge their heavy responsibilities effectively, their power to dismiss, in situations such as the one before us, must be more than theoretical.

659 F.2d at 1170.

## CONCLUSION

The Claims Court acted well within its discretion in dismissing the complaint for failure to prosecute. The judgment of the United States Claims Court is affirmed.

AFFIRMED.