NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEBRA BONILLA-MEAD,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1785

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01904-EDK, Judge Elaine Kaplan.

---

Decided:  November 7, 2019

---

DEBRA BONILLA-MEAD, Gaithersburg, MD, pro se.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before NEWMAN, SCHALL, and WALLACH, *Circuit Judges.*

PER CURIAM.

## DECISION

Debra Bonilla-Mead appeals the February 19, 2019 decision of the United States Court of Federal Claims in *Bonilla-Mead v. United States*, No. 18-1904C. In that decision, the Court of Federal Claims dismissed Ms. Bonilla-Mead's action because she failed to pay the requisite filing fee. Suppl. App. 2–3. We *affirm*.

## DISCUSSION

### I.

Ms. Bonilla-Mead filed a complaint in the Court of Federal Claims on December 6, 2018. Suppl. App. 7–15. In her complaint, Ms. Bonilla-Mead alleged that she filed a complaint in Federal District Court in Maryland "concerning unlawful foreclosure action by a Racketeering Influenced and Controlled Organization" that was "dismissed . . . sua sponte." *Id.* at 8. Ms. Bonilla-Mead did not pay the filing fee required by the Rules of the Court of Federal Claims ("RCFC") Rule 77.1(c), nor did she file an application to proceed in forma pauperis. *Id.* at 16.

On January 18, 2019, the court issued an Order to Show Cause why Ms. Bonilla-Mead's complaint should not be dismissed under RCFC 41(b). *Id.* In response, she filed a "Memorandum to Show Cause" on February 15, 2019. *Id.* at 17–19. In her memorandum, Ms. Bonilla-Mead asserted that her case before the Court of Federal Claims had been transferred from the United States District Court for the District of Maryland. *Id.* at 18. Accordingly, Ms. Bonilla-Mead asserted, no filing fee was due under RCFC 3.1(a)(3), which provides that, in the case of a transfer, "[n]o filing fee is required in this court when all filing fees required in the other court are shown to have been paid." *Id.*

On February 19, 2019, the Court of Federal Claims ordered that Ms. Bonilla-Mead's complaint be dismissed

pursuant to RCFC 41(b). Suppl. App. 2–3. In so doing, the court rejected Ms. Bonilla-Mead's contention that her case had been transferred to the court. *Id.* at 2. Rather, the court pointed out, her case before the Court of Federal Claims was filed as a separate action. *Id.* On February 21, 2019, the court entered judgment pursuant to RCFC 41(b) and dismissed Ms. Bonilla-Mead's case with prejudice. *Id.* at 1.

Ms. Bonilla-Mead appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

We review the dismissal of an action pursuant to RCFC 41(b) for abuse of discretion. *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986). "A court abuses its discretion when (1) its decision is clearly unreasonable, arbitrary or fanciful; (2) the decision is based upon an erroneous construction of the law; (3) its factual findings are clearly erroneous; or (4) the record contains no evidence upon which the . . . court could have rationally based its decision." *Shell Oil Co. v. United States*, 896 F.3d 1299, 1307 (Fed. Cir. 2018) (quoting *Hi-Shear Tech. Corp. v. United States*, 356 F.3d 1372, 1377–78 (Fed. Cir. 2004) (internal quotation marks omitted)).

## III.

On appeal, Ms. Bonilla-Mead continues to assert that her action was transferred from the District Court for the District of Maryland. Appellant Br. 12. As Ms. Bonilla-Mead acknowledges, however, her action before the district court was dismissed. Suppl. App. 8. As it was dismissed by the district court, it was not transferred to the Court of Federal Claims. Ms. Bonilla-Mead was given an opportunity to show cause why the complaint should not be dismissed. Ms. Bonilla-Mead did not make the required showing, nor did she pay the fee during that time. "If a party fails to pay the requisite filing fee, despite adequate

notice and ample opportunity to do so, the [Court of Federal Claims] acts within its discretion when it dismisses the action, just as it did in this case." *Bryant v. United States*, 618 F. App'x. 683, 686 (2015) (citing *Brown v. United States*, 88 Fed. Cl. 795, 798 (2009).

CONCLUSION

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

**AFFIRMED**

COSTS

Each party shall bear its own costs.