NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WILLIAM KOOPMANN, ET AL.,**
*Plaintiffs*

**WILLIAM ROYALL, JR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2021-1746

_____

Appeal from the United States Court of Federal Claims in No. 1:09-cv-00333-TMD, Judge Thompson M. Dietz.

_____

Decided: April 11, 2022

_____

WILLIAM ROYALL, JR., Petaluma, CA, pro se.

JANET A. BRADLEY, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ARTHUR THOMAS CATTERALL, DAVID A. HUBBERT.

_____

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Appellant William Royall, Jr. appeals from the decision of the United States Court of Federal Claims ("the Claims Court") dismissing his claims for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). *Koopmann v. United States*, 151 Fed. Cl. 336 (2020) ("*Rule 41(b) Decision*"); *see also Koopmann v. United States*, 151 Fed. Cl. 805, 807 (2021) ("*Rule 54(b) Decision*"); S. Appx. 1 (Judgment). For the reasons explained below, we *affirm*.

## BACKGROUND

On May 26, 2009, William Koopmann, a retired United Airlines pilot, filed a lawsuit in the Claims Court against the United States seeking a refund of Federal Insurance Contributions Act ("FICA") taxes paid relating to retirement benefits. Koopmann's complaint began by listing dozens of plaintiffs, all of whom were described as "retired career employees of United Airlines that belong to an online fraternal group, Retired United Pilots (RETUP), an online Message Board organization." *See Koopmann v. United States*, No. 09-333 (Fed. Cl. May 26, 2009), Complaint (ECF No. 1). Although the complaint listed other plaintiffs, however, Koopmann was the only plaintiff who signed it. It is undisputed that Koopmann is not licensed to practice law and was not authorized to represent or act on behalf of any of the other plaintiffs in the action.

On July 27, 2009, the government moved for a more definite statement and requested that the court strike all purported plaintiffs other than Koopmann. In response to that motion, Koopmann obtained and submitted what he styled "Plaintiff Information" sheets from many of the plaintiffs. *See* S. Appx. 5; *see also, e.g.*, S. Appx. 117. Each Plaintiff Information sheet contained basic contact information for the plaintiff, including address, email address,

and phone number. *See, e.g.*, S. Appx. 117. Each Plaintiff Information sheet also included certain limited information relevant to the specific plaintiff's refund claim, including the tax year for which the FICA tax claim was filed, the date and place the refund claim was filed, the amount claimed, and the IRS claim number. *Id.* The Plaintiff Information sheet concluded with the plaintiff's signature, immediately below the statement: "I have read the Complaint, Motions and Answers and those are my allegations." *Id.*

Royall was one of the listed plaintiffs in Koopmann's complaint. Royall and his wife signed a Plaintiff Information sheet on August 14, 2009, and that document was submitted to the court on September 11, 2009. *Id.*

More than a decade later, on April 28, 2020, the Claims Court ordered the plaintiffs to file a notice verifying their contact information. Royall did not respond. After the court held a telephonic status conference with the parties on May 7, 2020, which Royall did not attend, the court ordered the government to file any updated motions for a more definite statement and ordered the following:

> Plaintiffs may collectively submit a Response to Defendant's Motion in a single filing provided that each individual Plaintiff who joins such a Response must sign at the end of the document with "s/[first and last name]" or via handwritten signature or a copy thereof. Any Plaintiff may alternatively submit an individual Response to Defendant's Motion. However, if a Plaintiff fails to submit a Response – either by joining a collective Response via signature or by filing an individual Response – they will waive any right to respond to or oppose Defendant's Motion.

S. Appx. 142.

There is no indication that Royall responded to the government's motion, or to any of the court's orders. By all accounts, the last time the Claims Court heard from Royall regarding this case was when his Plaintiff Information sheet was submitted on September 11, 2009.

On July 16, 2020, the government moved pursuant RCFC 41(b) to dismiss the claims of forty-six individual plaintiffs, including Royall, for failure to prosecute their claims. On December 1, 2020, the Claims Court granted the government's motion with respect to eighteen of the plaintiffs. *Rule 41(b) Decision*, 151 Fed. Cl. at 336. The court noted that "[t]his court has tried to reach the eighteen plaintiffs repeatedly; despite their pro se status, the Non-Responding Plaintiffs' failure to respond to this Court's Orders and comply with Rule 83.1 is sufficient reason to dismiss their claims for failure to prosecute." *Id.* at 340. The court concluded that "[t]he Non-Responsive Plaintiffs have simply failed to prosecute their case in any respect." *Id.* Accordingly, the court dismissed with prejudice the claims of eighteen plaintiffs, including Royall. *Id.*

The government then moved under RCFC 54(b) for final judgment with respect to the dismissed plaintiffs. On January 12, 2021, the Claims Court determined that there was "no just reason to delay final judgment as to the dismissed plaintiffs . . . because the claims of the dismissed parties are readily separable from those of the remaining plaintiffs." *Rule 54(b) Decision*, 151 Fed. Cl. at 807. Thus, for good cause shown and in the interest of justice, the court granted the government's motion and directed the Clerk of Court to enter separate judgment with respect to each of the dismissed plaintiffs. *Id.* at 808. On January 14, 2021, the Claims Court entered judgment that Royall's claims are dismissed. S. Appx. 1.

On March 4, 2021, Royall filed a Notice of Appeal from the Claims Court's judgment under RCFC 54(b). S. Appx. 243. Royall enclosed with his Notice of Appeal a

copy of a letter that he appears to have sent to Judge Roumel on February 28, 2021 in which he requested that he be reinstated as a plaintiff in the underlying lawsuit. Royall's appeal was docketed in this court on March 17, 2021. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Under RCFC 41(b), the Claims Court may dismiss a case "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." When reviewing a Claims Court dismissal "pursuant to Rule 41(b), our inquiry is whether the court abused its discretion." *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir.), *cert. denied*, 476 U.S. 1171 (1986). We will not disturb the Claims Court's exercise of discretion "unless upon a weighing of relevant factors we are left with 'a "definite and firm conviction" that the court below committed a clear error of judgment.'" *Adkins v. United States*, 816 F.2d 1580, 1582 (Fed. Cir. 1987) (quoting *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 917 (Fed. Cir. 1984)).

Construing Royall's arguments liberally, as we are required to do for a pro se litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we can discern two general arguments that Royall makes in this appeal. First, Royall argues that the Claims Court erred in finding that his actions constituted a failure to prosecute his case because his lapse in responding to court orders was "inadvertent and unintentional." *See* Appellant Informal Br. (Answer 2). And second, Royall argues that the Claims Court erred by dismissing with prejudice and failing to consider the appropriateness of a lesser sanction. *See id.* (Answer 4). We are unpersuaded by either of Royall's arguments.

The Claims Court provided Royall with multiple opportunities to retain his status as a plaintiff by demonstrating his intention to prosecute this case. Royall does not dispute the fact that he repeatedly failed to respond, and he does not argue that he was not receiving case-related documents

during his decade-long silence.  Although Royall now argues that his failures to respond were not deliberate, that contention was unknown to the Claims Court at the relevant time when it dismissed his claims, and it is irrelevant to the question whether the Claims Court abused its discretion.  Said differently, we can discern no legal framework under which the Claims Court should be precluded from dismissing a plaintiff who is inactive for more than a decade simply because that plaintiff may later claim that the inactivity was inadvertent.

As for Royall's argument that dismissal with prejudice was a disproportionately harsh sanction, the law does not support that contention.  Royall concedes that the Claims Court has the authority to impose sanctions, including the authority to dismiss a case.  *See* Appellant Informal Reply Br. (Page 2).  Under the circumstances as they existed in this case, the Claims Court's dismissal under RCFC 41(b) is the prescribed sanction under the Claims Court's rules for a plaintiff who repeatedly failed to respond to motions and court orders, including, ironically, the motions and orders concerning the very question whether his case should be dismissed for failure to prosecute.  Thus, the Claims Court's decision to dismiss pursuant to RCFC 41(b) was not an abuse of discretion.  *See, e.g., Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183–84 (Fed. Cir. 1990) (affirming dismissal under RCFC 41(b) of a plaintiff who was warned that its complaint was in danger of dismissal but failed to comply with court orders); *Kadin,* 782 F.2d at 178 (affirming dismissal under RCFC 41(b) of a plaintiff who "repeatedly and without valid justification ignored both court-imposed deadlines and court rules").

## CONCLUSION

We have considered Royall's remaining arguments but we find them unpersuasive.  Accordingly, we *affirm* the decision of the Claims Court.

## **AFFIRMED**