NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIELLE STEPHENS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-2028

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00730-KCD, Judge Kathryn C. Davis.

---

Decided:  February 5, 2025

---

DANIELLE STEPHENS, Tulsa, OK, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

---

Before TARANTO, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Danielle Stephens appeals the decision of the Court of Federal Claims dismissing her complaint without prejudice for failure to prosecute pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims. Because the Court of Federal Claims did not abuse its discretion in dismissing Ms. Stephens' complaint, we affirm.

BACKGROUND

On May 7, 2024, Ms. Stephens, proceeding pro se, filed a complaint making various allegations against the United States related to her mortgage, the loss of her home following mortgage default, and subsequent credit-related issues, as well as allegations that, because she identifies as a Cherokee, the United States owed her certain duties. At the time she filed her complaint, Ms. Stephens neither paid the required filing fee nor filed an application to proceed *in forma pauperis* (IFP).

On May 9, 2024, the Court of Federal Claims issued a "Notice of Filing Fee Due" to Ms. Stephens, advising her that she either needed to pay the filing fee or file a complete IFP motion. SAppx 9.[1] The notice stated that "[i]f the proper fee or motion is not received, this case may be subject to dismissal." *Id.* On May 10, 2024, the court ordered Ms. Stephens to either pay the filing fee or request authorization to proceed IFP. The court gave her thirty days from the date of the order to comply. The order informed Ms. Stephens that, if she failed to do so, "this action shall be dismissed without prejudice for failure to prosecute under Rule 41 of the Rules of the United States Court of Federal Claims [(RCFC)]." SAppx 10.

---

[1] "SAppx" refers to the Supplemental Appendix filed by the Government with its Informal Response Brief, ECF No. 16.

Ms. Stephens did not pay the filing fee or submit an IFP application and instead filed a Motion to Overturn Memorandum with Affidavit of Truth, arguing that "[t]he Judge has acted outside of the Courts [sic] jurisdiction." SAppx 13.  On June 4, 2024, the Court of Federal Claims denied the motion, explaining that the court was "duly authorized to require the payment of fees to initiate suit," and "[a] plaintiff must pay the fees at the time she files the complaint, unless the plaintiff seeks IFP status."  SAppx 21 (citing  28 U.S.C. §§ 1915, 1926; U.S. Court of Federal Claims, Sched. of Fees (Dec. 1, 2023); RCFC 77.1(c)).  The order informed Ms. Stephens that, if she failed to comply with the court's May 10 order, "this action shall be dismissed without prejudice for failure to prosecute under Rule 41."  *Id.*

On June 18, 2024, the Court of Federal Claims issued an order dismissing Ms. Stephens' complaint without prejudice.  The court explained that Ms. Stephens failed to either pay the required filing fee or file an IFP application by the court-set deadline of June 10, 2024, despite multiple warnings.  The court further explained that RCFC 41 allows it to dismiss a case sua sponte "[i]f the plaintiff fails to prosecute or to comply with [the court's] rules or a court order."  SAppx 23 (alterations in original) (quoting RCFC 41(b)).  The court noted that this requirement does not change when a plaintiff is proceeding pro se.  *See* SAppx 23–24 (citing *Duncan v. United States*, 432 F. App'x 963, 965–66 (Fed. Cir. 2011)).

Ms. Stephens appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"We review the dismissal of an action pursuant to RCFC 41(b) for abuse of discretion."  *Bonilla-Mead v. United States*, 783 F. App'x 1036, 1037 (Fed. Cir. 2019) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986)).  The Court of Federal Claims abuses its

discretion "when (1) its decision is clearly unreasonable, arbitrary or fanciful; (2) the decision is based upon an erroneous construction of the law; (3) its factual findings are clearly erroneous; or (4) the record contains no evidence upon which the . . . court could have rationally based its decision." *Id.* (alteration in original) (quoting *Shell Oil Co. v. United States*, 896 F.3d 1299, 1307 (Fed. Cir. 2018)).

"If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the [Court of Federal Claims] acts within its discretion when it dismisses the action." *Bryant v. United States*, 618 F. App'x 683, 686 (Fed. Cir. 2015); *see also Kadin*, 782 F.2d at 176 ("Although dismissal is a harsh sanction, we cannot say that the [Court of Federal Claims] abused its discretion in dismissing the complaint here.  As noted, the appellant repeatedly and without valid justification ignored both court-imposed deadlines and court rules.").  Here, Ms. Stephens was warned three times that she needed to either pay the requisite filing fee or file an IFP application and that refusal to comply could result in the dismissal of her complaint.  Ms. Stephens then failed to pay the filing fee or file an IFP application by the court-imposed deadline.  As Ms. Stephens had "adequate notice and ample opportunity" to comply with the Court of Federal Claims' rules and orders, the court did not abuse its discretion in dismissing her complaint without prejudice pursuant to RCFC 41(b).

Ms. Stephens seemingly makes three arguments as to why the Court of Federal Claims erred in dismissing her complaint:  (1) when the court provided Ms. Stephens with the alternative option to proceed IFP, the court was implying she could not care for herself; (2) the court violated Article 9 of the United States' Treaty with the Cherokee of

1866,[2] as "rejecti[ng ]the Petitioner Affidavit saying that she is Indian but coercing the Petitioner to fill out forms that clearly make them a prisoner/citizen or they will not be heard is the definition of involuntary servitude," Appellant's Inf. Br. 7[3]; and (3) the court committed "conspiracy, fraud and false[ly ]misrepresent[ed ]the facts," Appellant's Inf. Br. 9.

We are unpersuaded that the Court of Federal Claims made an error of law or clearly erroneous fact finding. Taking each of her arguments in turn, Ms. Stephens raises her objections to the alternative IFP requirement for the first time on appeal and has thus forfeited this argument. *See Cal. Ridge Wind Energy LLC v. United States*, 959 F.3d 1345, 1351 (Fed. Cir. 2020) ("We may deem an argument forfeited when a party raises it for the first time on appeal."). Even so, we do not view the Court of Federal Claims' actions as involving any assumptions on Ms. Stephens' financial situation. Instead, the court was only supplying Ms. Stephens with an alternative to paying the required filing fee under its rules.

Next, regarding Ms. Stephens' arguments on the treaty with the Cherokee nation, she provides no support for the proposition that someone seeking to avail oneself of a United States court, regardless of their status as a Native American, may do so without complying with that court's rules or orders. And in the Court of Federal Claims, like all United States courts, parties are required to pay court filing fees unless they are granted leave to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915(a)(1), 1926(a); RCFC 77.1(c). Likewise, parties before the Court of Federal Claims, as in

---

[2]    This article is related to the abolition of slavery in the Cherokee nation. *See* Treaty with the Cherokee, art. 9, July 19, 1866, 14 Stat. 799.

[3]    The pagination for Appellant's Informal Brief is taken from the page numbers of the PDF at ECF No. 15.

any other United States court, are required to comply with its orders or risk dismissal. *See* Fed. R. Civ. P. 41(b); RCFC 41(b). Moreover, Ms. Stephens does not provide any support for the proposition that paying a filing fee or alternatively moving to proceed IFP changes one's racial identity or status as a non-incarcerated person.

Finally, Ms. Stephens seems to be alleging that the Court of Federal Claims and an attorney from the Department of Justice in this case conspired, committed fraud, and falsely misrepresented facts, specifically through the "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." Appellant's Inf. Br. 8 (emphases removed). It is unclear how this allegation relates to the issue before us: whether the Court of Federal Claims made an error of law or clearly erroneous fact finding in dismissing Ms. Stephens' action in light of her failure to pay the required filing fee or file an IFP motion after repeated warnings. Moreover, Ms. Stephens has provided no evidence to support her allegations. Ms. Stephens' contentions do not undermine the fact that she did not pay the filing fee or file an IFP application, nor do they undermine that she received notice about the implications of this failure. She thus has not shown that the Court of Federal Claims abused its discretion in dismissing her complaint.

## CONCLUSION

We have considered Ms. Stephens' remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

## COSTS

No costs.