NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**RALPH HERNANDEZ,**
*Plaintiff-Appellant*

**JEFFREY HOUT,**
*Plaintiff*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2025-1248

———————————

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01034-RTH, Judge Ryan T. Holte.

———————————

Decided: August 11, 2025

———————————

RALPH HERNANDEZ, Wasilla, AK, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, YAAKOV ROTH.

———————————

PER CURIAM.

Ralph Hernandez appeals the dismissal of his action in the U.S. Court of Federal Claims ("Claims Court") for failure to prosecute.[1]  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

Pursuant to Rule 41(b) of the Rules of the Court of Federal Claims ("RCFC"), the Claims Court may dismiss a case on its own motion "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  We review a dismissal pursuant to RCFC 41(b) for abuse of discretion.  *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986).  We also review a trial court's timeliness determination for abuse of discretion.  *See NAACP v. New York*, 413 U.S. 345, 365–66 (1973).

We see no abuse of discretion by the Claims Court in this case.  Incarcerated pro se plaintiff Mr. Hernandez filed his Complaint in the Claims Court alleging "fraud and obstruction of justice" "against Alaska's Governor." S.A. 1, 4–5.[2]  On July 12, 2024, the Claims Court, "suspect[ing] it lack[ed] jurisdiction over [Mr. Hernandez]'s claims," ordered Mr. Hernandez to show cause as to why his case should not be dismissed for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3).  S.A. 17–18. Specifically, the Claims Court required Mr. Hernandez to, by August 12, 2024, "identify which source or sources of money-mandating law he is invoking, identify how his claims are against the United States, and explain why [the Claims Court] has jurisdiction over this case."  S.A. 18.  As of September 23, 2024, Mr. Hernandez still had

---

[1]  Today, we also issue an opinion in a companion appeal, *Hout v. United States*, No. 25-1247 (Fed. Cir.), where essentially the same allegations are made.

[2]  "S.A." refers to the supplemental appendix included with the government's informal brief.

not filed a response to the show cause order that explained why the Claims Court has jurisdiction over his claims. S.A. 21–22.

Although Mr. Hernandez is proceeding pro se, the show cause order was unambiguous and clearly directed him to file a response explaining the jurisdictional basis for his case by the stated deadline. S.A. 18. When Mr. Hernandez failed to respond by the initial deadline, the Claims Court afforded Mr. Hernandez an additional opportunity to respond, extending the deadline to October 7, 2024, and warned Mr. Hernandez that if he still failed to file a response, the court "will have no choice but to dismiss [his] Complaint for failure to prosecute pursuant to RCFC 41(b)." S.A. 21–22. There is no dispute that Mr. Hernandez's next filing was not received by the Claims Court until October 25, 2024—eighteen days after the deadline, and a day after the Claims Court dismissed the action and directed that judgment be entered. Appellee's Informal Br. 3; Informal Reply Br. 7.[3]

We hold that the Claims Court did not abuse its discretion in determining that Mr. Hernandez failed to timely file a response to the show cause order. Because that failure is dispositive, we affirm.

## AFFIRMED

### COSTS

No costs.

---

[3]    We cite to the ECF page numbers.