NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHANTEL JOHNSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1552

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00919-MHS, Chief Judge Matthew H. Solomson.

---

Decided:  January 13, 2026

---

CHANTEL JOHNSON, Baltimore, MD, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI, BRETT SHUMATE.

---

Before REYNA *and* CHEN, *Circuit Judges,* and FREEMAN, *District Judge.*[1]

PER CURIAM.

Chantel Johnson appeals a Court of Federal Claims (Claims Court) decision dismissing her complaint for lack of subject-matter jurisdiction and for failure to prosecute. *See Johnson v. United States*, No. 24-919C, 2024 WL 3617171 (Fed. Cl. Aug. 1, 2024); S. Appx. 1–2.[2] We *affirm*.

## BACKGROUND

On June 12, 2024, Ms. Johnson filed a complaint against the United States in the Claims Court alleging several hardships she claims were intentionally inflicted against her by private individuals and those employed by the federal government. S. Appx. 27. Ms. Johnson seeks (1) an order to "[the] SBA, HUD, HHS, Copyright Office [and] ASCAP, to disclose, in writing, transactions and activity regarding [her] personal and business accounts"; (2) "monetary damages for [the] unauthorized use of [her] songs and [to] cease activity related to the use of [her] songs"; (3) "monetary damages for abuse, loss of wages, loss of resources, loss of housing, and discrimination by DOJ, HUD, and [HHS] . . . based on inaccurate medical records"; and (4) an order to the Department of Education to "provide copies of original applications for the five student loans, in the amount of $50,000, that they claim [she] owe[s]." S. Appx. 9.

On August 1, 2024, the Claims Court dismissed all but one claim for lack of subject matter jurisdiction. *Johnson*,

---

[1]    Honorable Beth Labson Freeman, District Judge, United States District Court for the Northern District of California, sitting by designation.

[2]    "S. Appx." refers to the supplemental appendix attached to Appellee's informal brief.

2024 WL 3617171 at *1, *3.  The Claims Court concluded that Ms. Johnson's allegation that the HHS had overbilled her for her utilities could be construed as an illegal exaction.  *Id.* at *2–3.  The Claims Court allowed Ms. Johnson approximately two months to file an amended complaint that clarified whether she was alleging that the federal government "unlawfully or improperly billed [her] and that the government thus owes her a refund."  *Id.* at *3.

Ms. Johnson moved for reconsideration of the partial dismissal order, which the Claims Court denied on October 30, 2024.  S. Appx. 32.  As part of that denial, the Claims Court also extended the deadline for Ms. Johnson to file an amended complaint for approximately another two months.  S. Appx. 32–33.  When Ms. Johnson did not file any amendment by the new deadline, the Claims Court issued an order on December 9, 2024, directing that by January 9, 2025, Ms. Johnson must either show cause why her complaint should not be dismissed for lack of jurisdiction or failure to prosecute, or to amend her complaint as previously ordered.  S. Appx. 34.  When the January 9 deadline passed and Ms. Johnson had not filed an amended complaint or responded to the show cause order, the Claims Court dismissed the complaint in its entirety for lack of jurisdiction and for failure to prosecute pursuant to the Claims Court's orders. S. Appx. 1–2. Ms. Johnson appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo a decision by the Claims Court to dismiss for lack of jurisdiction.  *Res. Conservation Grp., LLC v. United States*, 597 F.3d 1238, 1242 (Fed. Cir. 2010).  We review a dismissal for failure to prosecute for abuse of discretion. *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986).  The plaintiff bears the burden to establish subject-matter jurisdiction by a preponderance of the evidence.  *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016).  The Tucker Act limits the Claims Court's

jurisdiction to "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

We see no error in the Claims Court's dismissal of Ms. Johnson's complaint for lack of jurisdiction and for failure to prosecute. Although Ms. Johnson listed the names of various federal agencies at the beginning of her complaint, *see* S. Appx. 7, the complaint primarily focuses on various difficulties she experienced with her health, *id.* at 8, 10–11, 16–17, 20; housing, *id.* at 10–14; employment, *id.* at 11; job searches, *id.* at 12–13, 20, 22; landlord issues, *id.* at 13; and the alleged copyright infringement of her songs, *id.* at 14.

Most of these allegations fall outside the jurisdiction of the Claims Court, as they pertain to the conduct of individuals associated with private organizations, e.g., a security guard, nurse, music producer, and therapist. *See* S. Appx. 14; *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (explaining that the Claims Court lacks jurisdiction to hear claims against any party other than the United States). The Claims Court also correctly recognized that it has no jurisdiction to hear Ms. Johnson's claims involving allegations of stalking and harassment, which are tort claims. *See Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) ("The Tucker Act expressly provides that the 'United States Court of Federal Claims shall have jurisdiction . . . in cases *not* sounding in tort.'" (quoting 28 U.S.C. § 1491(a)(1)) (alteration in original)). Although Ms. Johnson's complaint did allege that the HHS and HUD "saw an opportunity to use [her] and [her] children as human guinea pigs," S. Appx. 11, this allegation lacked any detail to establish the Claims Court's Tucker Act Jurisdiction because it failed to describe what actions the Federal agencies took, if any, *see id.* at 10–24. Accordingly, the

Claims Court committed no error in dismissing the complaint in part for lack of jurisdiction.

While the allegation that HHS had overcharged Ms. Johnson for utilities could amount to an illegal exaction, the Claims Court is correct that the complaint, as filed, did not plausibly allege an illegal exaction. *See Johnson*, 2024 WL 3617171, at *2–3. The Claims Court did not abuse its discretion in directing Ms. Johnson to file an amended complaint to provide additional factual allegations for her potentially illegal exaction claim. It provided Ms. Johnson ample opportunities to cure her defective complaint, warning her that "Court-ordered deadlines are not optional[,]" S. Appx. 33, and that if she did not "either: (1) . . . show cause why [the Claims] Court should not dismiss her case for lack of jurisdiction and failure to prosecute; or (2) file the amended complaint as [the Claims Court] previously ordered," then the Claims Court "will dismiss this case." S. Appx. 34. The Claims Court therefore did not abuse its discretion in dismissing the complaint for failure to prosecute after Ms. Johnson did not meet the court-ordered deadline. *See Kadin*, 782 F.2d at 176–77 (holding an order to show cause provides the plaintiff with sufficient notice that a dismissal is imminent and that failure to respond will likely be fatal to its case).

On appeal, Ms. Johnson argues the Claims Court failed to allow her to submit evidence or exhibits. Appellant's Informal Br. 1.[3] However, the allegations in the complaint, with one exception, pertained to conduct that was outside the jurisdiction of the Claims Court, and further evidence about those allegations would not cure her complaint's jurisdictional deficiencies. As to the one potential claim that might have been stated in the complaint, Ms. Johnson failed to provide the necessary facts in accordance with the

---

[3]    We cite to the ECF page numbers of Appellant's Informal Brief.

Claims Court's order.  Accordingly, the Claims Court did not fail to consider any relevant facts that could have provided Ms. Johnson a basis for relief from the Claims Court's dismissal.

## CONCLUSION

We have considered Ms. Johnson's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.