**Stanley BAKER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 06–569C.

United States Court of Federal Claims.

Nov. 13, 2006.

Stanley Baker, pro se, Tallahassee, Alabama.

Devin A. Wolak, Trial Attorney, with whom were, Peter Keisler, Assistant Attorney General, David M. Cohen, Director, and Steven J. Gilligham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for Defendant.

## OPINION AND ORDER

SMITH, Senior Judge.

Defendant filed a Motion to Dismiss in this case, arguing that in his *pro se* complaint, plaintiff failed to articulate a claim, pursuant to Rule 12(a) and (b) of the Rules of the Court of Federal Claims ("RCFC").[1] A motion to dismiss should be granted when, accepting the complaint's allegations as true and drawing all inferences in favor of the plaintiff, it is evident that plaintiff is not entitled to relief. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). In a *pro se* case, the Court reviews and interprets a plaintiff's pleadings in the most favorable light possible. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). While plaintiff's *pro se* status grants the plaintiff more latitude, he still must plead facts sufficient to state a claim within this Court's jurisdiction.

This Court possesses jurisdiction to entertain monetary claims founded upon the United States Constitution, statutes, regulations, or contracts. 28 U.S.C. § 1491(a)(1) (2001); *see United States v. Mitchell,* 463 U.S. 206, 215–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). However, the statutory or constitutional claims a plaintiff asserts must be "money-mandating" to come within the jurisdiction of the Court. *United States v. Tes-*

---

1. Plaintiff Baker did not respond to defendant's Motion to Dismiss.

*tan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). It has been held that the First Amendment, the Due Process Clause, and the Equal Protection Clause are not money-mandating and claims based upon these provisions are beyond the jurisdiction of the Court. *E.g., Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir. 1995); *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983).

The Court notes that the captioned and titled defendants in Mr. Baker's complaint ("Transworld Systems, and Max Federal Credit Union," "Doc Due Little Movies," and "Max Federal Credit Union and Pentago Federal Credit Union") are not the United States or any agency thereof. *See* 28 U.S.C. § 1491 (2001); *see also Emery Worldwide Airlines, Inc. v. United States and Federal Express Corp.,* 264 F.3d 1071 (Fed.Cir.2001) (holding that Federal Express, despite the use of the word "federal" in its name, is not a federal agency and, therefore, cannot be sued in this Court). Thus, because the United States or agency thereof is not a named defendant, the Court must dismiss the case for lack of jurisdiction. However, due to plaintiff's *pro se* status and the potential that plaintiff might have mistakenly written the wrong caption, the Court has reviewed Mr. Baker's complaint in further depth to determine whether he states a claim within this Court's jurisdiction. *See Kerner,* 404 U.S. at 520, 92 S.Ct. 594. After review, it seems to the Court that Mr. Baker asserts two requests for relief: a tort action and grievances related to a 1992 case before the Court of Appeals for Veterans Claims.

 Mr. Baker is apparently a disabled veteran, and requests relief for "Tort Claims, and S[ ]ealing Case of U.S. Court of Veterans and impeachment of [various judges]." Complaint at 5. However, this Court is precluded from hearing cases sounding in tort. 28 U.S.C. § 1491(a)(1) (2000). Therefore, because Mr. Baker is requesting relief for tort actions, this Court lacks jurisdiction and those claims must be dismissed. Mr. Baker

additionally raises a 1992 case before the Court of Appeals for Veterans Claims. Complaint at 3. The Court is unclear as to the nature of this claim. Possibly plaintiff Baker seeks review of the decision of the Court of Appeals for Veterans Claims. If that is the case, the proper forum for such appeal is the Court of Appeals for the Federal Circuit, not this Court. *See* 38 U.S.C. § 7292 (2000).

At best, plaintiff's complaint might be liberally construed as alleging various generalized grievances, which may or may not be directed against the United States. Even when liberally construed, however, these grievances do not demonstrate that a Federal money-mandating statute or regulation was the basis of the claim.

## CONCLUSION

Even when viewed in the light most favorable to the plaintiff, the Court is unable to discern from plaintiff's complaint any cognizable claim that can be considered by this Court.[2] Therefore, the Court GRANTS defendant's Motion to Dismiss and directs the Clerk to DISMISS WITHOUT PREJUDICE plaintiff's complaint.

**It is so ORDERED.**

---

**2.** Plaintiff has also failed to pay the applicable court fees. In this instance, however, the Court waives the fees.