NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLARENCE L. CERF,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5093

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00806-LB, Judge Lawrence J. Block.

---

Decided: October 9, 2015

---

CLARENCE L. CERF, Midway, TX, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before REYNA, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Clarence L. Cerf appeals a judgment of the United States Court of Federal Claims dismissing his complaint for failure to prosecute. *See Cerf v. United States*, No. 1:14-cv-00806-LB (Fed. Cl. Jan. 22, 2015). We affirm.

BACKGROUND

Cerf filed a handwritten complaint in the United States Court of Federal Claims on September 2, 2014. He asserted that when he shut his eyes, he saw a red light and heard "radio frequency noises." He further alleged that chemicals, including chlorine and Haldol, had been injected into his bloodstream and pores, disrupting his thoughts and allowing "criminal behavior" to be "programmed into [his] memory." He sought an injunction prohibiting the State of Texas from using chemicals and implanted devices to obtain confessions and incriminating evidence from suspects during criminal investigations. He also asked for an order directing that he be provided with "an exam or x-ray with a surgeon general" so that the devices allegedly implanted in his body by the State of Texas could be medically examined.

On November 3, 2014, the government moved to dismiss Cerf's complaint for lack of subject matter jurisdiction. Cerf did not respond to this motion. On December 19, 2014, the Court of Federal Claims issued a show cause order directing Cerf to file an opposition to the government's motion to dismiss. The order explained that Cerf's complaint would be dismissed for failure to prosecute if he did not file an opposition to the government's motion to dismiss by January 20, 2015.

Cerf failed to file an opposition to the government's motion to dismiss by the trial court's January 20, 2015 deadline. Accordingly, on January 22, 2015, the court dismissed Cerf's complaint for failure to prosecute. Cerf filed a motion for reconsideration on March 10, 2015, but

the trial court denied the motion after concluding that it was untimely filed. *See* U.S. Ct. Fed. Claims R. 59(b) (requiring that motions for reconsideration be filed no later than twenty-eight days after entry of judgment). The Court of Federal Claims likewise denied Cerf's motion for relief from judgment, *see* U.S. Ct. Fed. Claims R. 60, after determining that he had presented "no grounds" justifying such relief.

Cerf then appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We apply an abuse of discretion standard in reviewing a trial court's decision to dismiss for failure to prosecute. *See Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986).

## DISCUSSION

For a judicial system to function effectively, courts must manage their dockets in a manner that promotes "the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 631 (1962) (footnote omitted); *see also Kadin*, 782 F.2d at 177. The Court of Federal Claims issued a show cause order directing Cerf to respond to the government's motion to dismiss. That order specifically informed Cerf that his case would be dismissed if his opposition to the government's motion was not filed by January 20, 2015. Because Cerf failed to file an opposition by the deadline set by the trial court, it did not abuse its discretion in dismissing his complaint for failure to prosecute pursuant to Rule 41(b) of the Rules of the Court of Federal Claims. *See Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990) (explaining that this court will not disturb a decision to dismiss for failure to prosecute unless "we are left with a definite and firm conviction that the [trial court] committed a clear error of judgment" (citations and internal quotation marks omitted)).

Although Cerf is proceeding pro se, the show cause order issued by the Court of Federal Claims was unam-

biguous and clearly directed him to file an opposition to the government's motion to dismiss by January 20, 2015. On appeal, Cerf contends that his case presents a case or controversy because the United States is "being charged with violating a chemical weapons prohibition." He fails, however, to provide any reasonable justification for his failure to comply with the trial court's show cause order by filing a timely opposition to the government's motion to dismiss. Nor does he identify any error in the trial court's denial of his petition for rehearing and his motion for relief from judgment. Accordingly, we affirm the judgment of the United States Court of Federal Claims dismissing Cerf's complaint.

**AFFIRMED**