# In the United States Court of Federal Claims

No. 24-1279
(Filed: December 19, 2024)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
TARVIS M. JILES,                          *
                                          *
                 Plaintiff,               *
                                          *
        v.                                *
                                          *
THE UNITED STATES,                        *
                                          *
                 Defendant.               *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

**SOMERS,** Judge.

On October 18, 2024, the government filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* ECF No. 6 (arguing that Plaintiff's claims against a county jail fail to give rise to a claim under any money-mandating provision of law, as required by the Tucker Act). Plaintiff's response to the government's motion was due on or before November 18, 2024, pursuant to Rule 7.2(b)(1) of the Rules of the U.S. Court of Federal Claims ("RCFC"). However, Plaintiff failed to respond to the government's motion by the deadline. As such, Plaintiff's motion is dismissed for failure to prosecute (RCFC 41(b)) and for waiver.

Even if Plaintiff had timely responded, Plaintiff would still have failed to state a claim against the United States; therefore, the Court would still have lacked subject matter jurisdiction. *See* ECF No. 1 at 2. To come to this conclusion, one need look no further than how Plaintiff captioned this case. The caption, as filed by Plaintiff, names as defendants the warden of a Florida jail and what appears to be a private healthcare company. *Id.* at 1–2. Moreover, the claims Plaintiff seeks to bring against the state official and a private company were for injunctive relief and money damages for violations of the Fourteenth and Eighth Amendments. *Id.* at 3. Because "constitutional claims a plaintiff asserts must be 'money-mandating' to come within the jurisdiction of the Court," *Baker v. United States*, 74 Fed. Cl. 421, 421 (2006), and because it is well established that violations of Fourteenth and Eighth Amendment rights do not mandate monetary compensation, Plaintiff's claims would fall outside of this Court's jurisdiction even if brought against the United States, *see LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that none of the provisions of the Fourteenth Amendment provide a sufficient

basis for this Court's jurisdiction); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'" (quoting *Edelmann v. United States*, 76 Fed. Cl. 376, 383 (2007))).

Pursuant to RCFC Rule 41, the Court hereby **DISMISSES** Plaintiff's complaint with prejudice. Plaintiff failed to prosecute his claims by not timely responding to the government's motion to dismiss. *See Cerf v. United States*, 621 F. App'x 651, 652–53 (Fed. Cir. 2015) ("Because Cerf failed to file an opposition by the deadline set by the trial court, it did not abuse its discretion in dismissing his complaint for failure to prosecute pursuant to Rule 41(b) of the Rules of the Court of Federal Claims."). The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge