# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 18-7044

DOUGLAS A. CONSTANTINE, APPELLANT,

V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before BARTLEY, GREENBERG, and MEREDITH, *Judges*.[1]

## O R D E R

On December 14, 2018, veteran Douglas A. Constantine appealed through counsel an October 31, 2018, decision of the Board of Veterans' Appeals (Board) that denied entitlement to an effective date earlier than August 31, 2010, for the award of service connection for coronary artery disease, concluding that the veteran was not entitled to the special effective date provisions provided to members of the class action suit *Nehmer v. U.S. Veterans' Admin.*, 118 F.R.D. 113, 115-16 (N.D. Cal. 1987). On August 28, 2020, this matter was referred to a panel of the Court, which held oral argument on November 4, 2020.

In January 2022, we dismissed Mr. Constantine's appeal. *Constantine v. McDonough*, 35 Vet.App. 81, 92-93 (2022) (*Constantine I*). Mr. Constantine appealed our decision to dismiss to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which in November 2024 set aside our decision to dismiss and remanded the appeal, concluding that we erred by failing to consider whether a stay of proceedings, rather than dismissal, was the proper outcome. *Constantine v. McDonough*, No. 2022-1648, 2024 WL 4675441, at *1 (Fed. Cir. Nov. 4, 2024) (per curiam nonprecedential order) (*Constantine II*). Now, 1 year after the Federal Circuit issued its decision, we again dismiss Mr. Constantine's appeal.

## I. BACKGROUND

### A. *Constantine I*

Before this Court, Mr. Constantine argued that the Board erred in concluding that he was not a member of the *Nehmer* class. He argued that the U.S. District Court of the Northern District of California (District Court) had decided that class relief covered veterans like himself who were exposed to Agent Orange but did not serve in the Republic of Vietnam, as evidenced by the consent decree, *Nehmer v. U.S. Veterans' Admin.*, No. CV-86-6160, 1991 U.S. Dist. LEXIS 22110 (N.D. Cal. May 17, 1991). We disagreed, concluding that the District Court had not previously addressed whether exposed veterans who did not serve in Vietnam were covered by the consent decree.

---

[1] Judge Greenberg participated in this case as part of the original panel but has since withdrawn from the case and the panel will proceed as a quorum. *See* 38 U.S.C. § 7254(c)(2); U.S. VET. APP. INT. OP. PROC. V(b)(4).

*Constantine I*, 35 Vet.App. at 90-91. Because Mr. Constantine's arguments involved fundamental questions about the scope of the certified *Nehmer* class and VA's compliance with it, we held that the proper recourse, considering wise judicial administration and avoidance of duplicative litigation, was for Mr. Constantine to file a motion for enforcement of the consent decree with the District Court. *Id*. at 89-93 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976); *Kerotest Mfg. Co. v. C-O Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). Thus, we dismissed Mr. Constantine's appeal. *Id*. at 92-93.

### B. *Constantine II*

On appeal of our decision to the Federal Circuit, the veteran challenged our decision to dismiss his appeal but did not challenge our decision to defer to the District Court the scope of the consent decree. The Federal Circuit concluded that we erred by dismissing the appeal without regard to whether dismissal without a stay to allow Mr. Constantine to seek relief from the District Court might cause the veteran avoidable harm. *Constantine II*, 2024 WL 4675441, at *6. Specifically, the Federal Circuit noted that *Kerotest*'s wise judicial administration of avoiding duplicative litigation principle required a case-specific inquiry. *Id*. (citing *Kerotest*, 342 U.S. at 183-84, and collecting other cases). The Federal Circuit indicated that a relevant circumstance for consideration is whether the party seeking relief will suffer from dismissal as opposed to imposition of a stay while the deferred-to-tribunal proceeds. *Id*. (collecting cases).

The Federal Circuit concluded that this Court had not considered the consequences of staying versus dismissing in Mr. Constantine's case. *Id*. at *7. It noted that, although the parties agreed that only VA—not the District Court—could award retroactive benefits to Mr. Constantine, there was disagreement as to whether Mr. Constantine was prejudiced by the Court's dismissal of his appeal, principally on the question of delay. Mr. Constantine argued that, should he prevail in the District Court, Board resolution following remand from this Court would be quicker than starting anew at the lower level of VA; the Secretary disagreed. *Id*. Given the uncertainty as to this issue, the Federal Circuit was unable to conclude that our decision to dismiss, without our first considering a stay of proceedings, was correct. The Federal Circuit set aside our decision and remanded the case "to provide Mr. Constantine a reasonable period for him to seek relief from the *Nehmer* court and to hold his appeal in abeyance during that period and, if he seeks relief, until final disposition of his request for that relief." *Id*.

### C. Stay of Proceedings

On January 14, 2025, we provided Mr. Constantine 45 days to inform the Court that he had filed a motion for enforcement of the *Nehmer* consent decree with, or otherwise sought relief from, the *Nehmer* District Court. On February 28, 2025, Mr. Constantine filed a motion for a 45-day extension of time to file a response, asserting that counsel's workload considerations and the need to obtain local counsel necessitated the extra time. On March 4, 2025, we granted the motion nunc pro tunc to February 28, 2025.

On April 14, 2025, Mr. Constantine filed a motion for a 30-day stay of proceedings, asserting that additional time was needed to locate local counsel. On April 25, 2025, we granted the motion nunc pro tunc to April 14, 2025. At that time, we ordered Mr. Constantine to explain,

among other things, whether he had approached *Nehmer* class counsel about pursuing an enforcement motion with the District Court and if not, why not. Court's April 25, 2025, Order at 2.

On May 14, 2025, Mr. Constantine, in a single motion, (1) requested that the Court continue the stay of proceedings until February 17, 2026, and (2) requested that the Court sua sponte revisit our conclusion to defer to the District Court for interpretation of the scope of the *Nehmer* consent decree. Regarding the stay of proceedings, Mr. Constantine asserted that additional time was necessary due to the complexity of the *Nehmer* litigation; that the current political climate had led at least one law firm to decline representation against the executive branch "out of fear of retaliation"; and that because of his advancing age he needed additional time to "understand, digest, and consider how to best handle this complicated matter and whether and how he should enter a new relationship with unfamiliar co-counsel." Appellant's May 14, 2025, Motion at 2-4. Mr. Constantine did not, as ordered, address whether he had approached *Nehmer* class counsel.

On May 28, 2025, the Court partially granted Mr. Constantine's request for an additional stay of 90 days and directed that Mr. Constantine file a response every 30 days during the 90-day stay, informing us of actions taken to locate local counsel. Additionally, we expressed concern about Mr. Constantine's failure to fully respond to our April 25, 2025, order and his inclusion of a second motion for sua sponte reconsideration of our original decision in contravention of the Court's Rules of Practice and Procedure. Court's May 28, 2025, Order at 2. On June 27, 2025, Mr. Constantine filed his first 30-day response, stating that he contacted two law firms regarding representation; one declined involvement and he was awaiting a response from the second. On July 28, 2025, Mr. Constantine filed his second 30-day response, stating that he had identified two additional law firms and was working to reach out to them.

On August 27, 2025, Mr. Constantine renewed his motion to continue the stay of proceedings until February 2026.[2] As in his May 2025 motion to continue the stay, Mr. Constantine asserted that an additional stay of such length was necessary due to the complexity of the *Nehmer* litigation; that the current political climate had led at least three law firms to decline representation against the executive branch "out of fear of retaliation"; and that because of advancing age he needed additional time to "understand, digest, and consider how to best handle this complicated matter and whether and how he should enter a new relationship with unfamiliar co-counsel." Appellant's August 27, 2025, Motion at 1-3.

On September 8, 2025, the Court partially granted Mr. Constantine's motion nunc pro tunc to August 26, 2025, continuing the stay of proceedings for an additional 70 days, until November 4, 2025. We stated that we would not entertain further requests for additional time and ordered Mr. Constantine to file a response to our January 14, 2025, order by November 4, 2025. Mr. Constantine did not file a response.[3]

---

[2] The August 2025 motion in large part repeated part of his May 2025 motion.

[3] The Court notes that on November 13, 2025, *Nehmer* plaintiffs filed in the District Court a motion for enforcement on an unrelated issue.

## II. ANALYSIS

On November 4, 2024, the Federal Circuit issued *Constantine II*. Although the Federal Circuit vacated our decision and remanded Mr. Constantine's appeal, the bulk of our decision was either upheld or went unchallenged. As we explain, given the Federal Circuit decision, the only issue currently before us is the proper disposition of Mr. Constantine's original appeal. On that issue, we conclude that dismissal is proper.

Before this Court and the Federal Circuit, Mr. Constantine argued that, because the *Nehmer* class certification order did not contain limiting language, the class included all current and former servicemembers exposed to herbicides irrespective of location of exposure. *Constantine I*, 35 Vet.App. at 85. He further asserted that, because the Secretary did not challenge the issue before the District Court, the issue of exposure location had been fully litigated and was resolved in his favor. *Id*.

We rejected that argument, concluding that the District Court's adoption of plaintiffs' proposed class definition without a specific challenge from VA was not tantamount to a concession of the exposure location issue. *Id*. at 91. The Federal Circuit agreed, noting that Mr. Constantine "has not identified any place in the record of the *Nehmer* litigation where the government and an adverse party in Mr. Constantine's position joined issue over coverage of veterans who had never served in Vietnam (land or territorial waters)." *Constantine II*, 2024 WL 4675441, at *5. The Federal Circuit concluded that "[a]lthough the words of the class-certification order do not include a limitation to Vietnam veterans, that formulation, which might reflect a drafting oversight or might properly be understood in context as so limited, does not amount to a judicial decision on a litigated issue." *Id*. Thus, Mr. Constantine's location exposure argument has been soundly rejected by two courts.

After we determined that issue preclusion did not apply in Mr. Constantine's case, we concluded that we would not entertain his location exposure argument because the District Court retains jurisdiction over motions for clarification and enforcement of the *Nehmer* consent decree. *Constantine I*, 35 Vet.App. at 88-92. And subsequently, before the Federal Circuit, Mr. Constantine did not challenge our deferral conclusion. *Constantine II*, 2024 WL 4675441, at *6. Although Mr. Constantine requested that we sua sponte revisit our deferral conclusion in his May 2025 motion, we reject that endeavor. Mr. Constantine was free to challenge our deferral conclusion through a post-decisional motion for panel reconsideration or en banc review or on appeal to the Federal Circuit, but he did not do so.

Instead, Mr. Constantine challenged our decision to dismiss the appeal rather than stay proceedings while he sought relief in the District Court. In *Constantine II*, the Federal Circuit directed us to hold the appeal in abeyance to allow Mr. Constantine a reasonable period to seek relief from the District Court. 2024 WL 4675441, at *7. On December 26, 2024, the Federal Circuit issued mandate. On January 14, 2025, we provided Mr. Constantine with 45 days to seek relief in the District Court. Following various motions for extensions of time or to stay proceedings, the Court thereafter provided Mr. Constantine with an additional 249 days to approach the District Court.[4]

---

[4] If counting from the date of issuance of the Federal Circuit decision, the veteran received 1 year to take

4

Federal courts have inherent power to manage their dockets "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see Groves v. McDonough*, 34 F.4th 1074, 1079 (Fed. Cir. 2022) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)); *see also Cerf v. United States*, 621 Fed. App'x 651, 652 (Mem) (Fed. Cir. Oct. 9, 2015) (per curiam nonprecedential opinion) ("For a judicial system to function effectively, courts must manage their dockets in a manner that promotes 'the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "It is within the sound discretion of the tribunal to grant or deny a request to stay proceedings." *Groves*, 34 F.4th at 1079 (citing *Cherokee Nation*, 124 F.3d at 1416). A court's discretion regarding stays of proceedings, however, is not unbounded and must be exercised after balancing competing interests. *Id*. at 1080 (citing *Cherokee Nation*, 124 F.3d at 1416).

Although this Court has an interest in prompt resolution of cases on our docket and the Secretary has an interest in the finality of all appeals, it is undisputed that Mr. Constantine has the most personal interest in the resolution of this particular case. In weighing these competing interests, we note that, if counting from the Court's January 14, 2025, order, Mr. Constantine received 294 days; if counting from the date of issuance of the Federal Circuit decision, he received 365 days. Under either view, we conclude that Mr. Constantine has been provided a reasonable period of time to approach the District Court.

In addition, it is unclear from Mr. Constantine's motions whether he wishes to pursue District Court relief and what impact his apparent uncertainty about moving forward in the District Court has had on his requests for a longer stay. In the motions requesting a stay until February 2026, Mr. Constantine asserted that he needed additional time, among other things, to consider whether he should enter a new relationship with unfamiliar co-counsel. Appellant's May 14, 2025, Motion at 3-4; Appellant's Aug. 27, 2025, Motion at 3. The underlying uncertainty as to whether to pursue District Court relief, expressed again in his latest motion dated August 27, 2025, and submitted after the Court had already granted more than 7 months of combined extensions and stays, confirms our determination that the total period provided to Mr. Constantine has been reasonable.

Moreover, we have reservations as to whether it would prejudice Mr. Constantine to dismiss his appeal rather than continue the stay of proceedings. Although the District Court "cannot award Mr. Constantine benefits even if it decides that Mr. Constantine is within the scope of the consent decree," *Constantine II*, 2024 WL 4675441, at *7, neither can this Court. As the Federal Circuit noted and the parties agreed, "only VA can award those benefits." *Id*. Were the District Court to conclude in favor of Mr. Constantine, this Court would nevertheless need to remand his appeal to the Board. And even a "prompt remand" to the Board, *see id*., would require at least two additional VA decisions: a Board decision awarding benefits and an RO decision implementing

---

action in the District Court.

5

the Board award and establishing payment to the veteran. Even though remands by this Court are entitled to expeditious VA treatment, 38 U.S.C. § 7112(a), given that both avenues require additional VA adjudication we are not convinced that there is a strong basis for concluding that a continued stay at this Court, rather than dismissal, would result in perceptibly quicker resolution in the long run. *Accord Shinseki v. Sanders*, 556 U.S. 396, 412 (2009) (holding that this Court "sees sufficient case-specific raw material in veterans' cases to enable it to make empirically based, nonbinding generalizations" about prejudice).

Thus, after balancing competing interests and attempting to assess appreciable prejudicial delay, the Court concludes that dismissal is appropriate here.

Upon consideration of the foregoing, it is

ORDERED that Mr. Constantine's appeal of the October 31, 2018, Board decision denying an effective date earlier than August 31, 2010, for the award of service connection for coronary artery disease is DISMISSED.

DATED: December 2, 2025                                            PER CURIAM.

6